UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:16CV-256-TBR

**VICTOR CUMMINGS**                                                                       **PLAINTIFF**

**v.**

**JEFF NIP** *et al.*                                                                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Victor Cummings filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated below, the Court will dismiss some claims and allow Plaintiff to amend his complaint.

**I.**

Plaintiff, who has been released from incarceration, sues the Hardin County Detention Center (HCDC) and Jeff Nip, whom he identifies as a maintenance worker at HCDC. He sues Nip in his individual and official capacity.

Plaintiff states that when he was processed into HCDC, he asked Corrections Officer Gunner about $400.00 missing from his account and that Gunner "gave me a direct order to not ask him again." He states that Gunner then "asked me a series of questions basically for my safety sake, and if I wanted to be placed in protective custody and C/O Gunner did not acknowledge the fact that I said that I wanted to. He then ordered me to go back and get in line." Plaintiff then alleges the following occurred:

> When Jeff Nipp[1] came to transport us inmates he smelled of liquor. Jeff Nipp had his eyes on me and was at a uncomftble close distance to me. As we walked to

---

[1] Plaintiff spells this Defendant's name "Nip" in the caption and "Nipp" in the body of his complaint.

back max housing in [HCDC]. Inmates were being placed in their cells. The door was opened to Protective Custody housing so I stepped in the direction. When I did Jeff Nipp grabbed me in a firm hold and then shoved me away. Without a direct order and initationing an aggressive unlogical action. He then pulled his taser out and aimed it at my chest. The heart area in the center of my chest. Then he shot me without hesitation. Some how I pulled out the prongs. Jeff Nipp called "Code Red" because before I knew it I was being shot by 5/6 taser guns. I passed out and awoke to being shocked excessively by C/O Gunner, C/O Maxwell, C/O Nipp, C/O Martin, and C/O Templeman. They drug me back to booking and placed me handcuffed on my back. While hitting me and tasing me in my left leg which I still suffer from the night stick beating. Being surrounded by 6 correction officers and placed in the restrain chair. As they pushed me in the first strap the still were tasing and hitting me. Then they put me in a suicide cell and when we were not visible, they kept tasing my chest and putting the taser gun between my legs.

As relief, Plaintiff seeks compensatory and punitive damages and requests that Nip be removed as a corrections officer.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Plaintiff brings this action under § 1983. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

*Municipal liability*

Plaintiff sues HCDC. However, HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr.*

*Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000). The claim against HCDC is actually brought against Hardin County. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Moreover, official-capacity claims "'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claim against Nip is also actually brought against Hardin County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first examine the second issue.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff alleges that he was subjected to excessive force by HCDC officers. However, he does not allege that the action of any personnel occurred as a result of a policy or custom implemented or endorsed by Hardin County. Plaintiff's complaint appears to allege an isolated occurrence affecting only him. As such, the complaint fails to establish a basis of liability against the municipality and therefore fails to state a cognizable § 1983 claim against Hardin County. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Therefore, Plaintiff's claim against HCDC and his official-capacity claim against Nip must be dismissed for failure to state a claim upon which relief may be granted.

*Individual-capacity claim against officer*

Upon review, the Court finds that Plaintiff's individual-capacity claim against Nip is sufficient to survive initial screening. Plaintiff also alleges that four other HCDC corrections officers participated in the alleged use of excessive force, but he did not name them as Defendants in the complaint. The Court is concerned that Plaintiff may believe that he sued all of these officers in naming HCDC as a Defendant. Therefore, before allowing this case to proceed, the Court will allow Plaintiff an opportunity to amend his complaint to sue the other officers in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (a district court may allow a prisoner to amend a complaint to avoid *sua sponte* dismissal under the Prison Litigation Reform Act). If Plaintiff wishes to sue the other officers, he must file an amended complaint and clearly state his intent to name the other officers as Defendants.

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim against HCDC and the official-capacity claim against Nip are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint to name all corrections officers whom he alleges participated in the alleged excessive force incident.

The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it, along with four summons forms, to Plaintiff for his use should he wish to amend the complaint.

Should Plaintiff fail to file an amended complaint within 30 days, the Court will enter an order allowing the case to proceed against Nip only.

Date:

cc:  Plaintiff, *pro se*
     Defendants
     Hardin County Attorney
4413.010